UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

RAUL ESCARCEGA,                  No. C 10-5703 SI (PR)

      Petitioner,                 **ORDER OF DISMISSAL**

  v.

R. GROUNDS,

      Respondent.
                                     /

## INTRODUCTION

This is a federal habeas corpus action filed by a *pro se* state prisoner pursuant to 28 U.S.C. § 2254. For the reasons set forth below, respondent's motion to dismiss is GRANTED, and the action is hereby DISMISSED.

## BACKGROUND

In 1984, petitioner was convicted in a Los Angeles County Superior Court of kidnapping for the purpose of committing robbery, and was sentenced to a term of seven years to life in prison, plus ten years. In 2009, the Board of Parole Hearings denied petitioner parole for a period of three years pursuant to California Penal Code § 3041.5, also known as "Marsy's Law."

As grounds for federal habeas relief, petitioner claims that the application of this 2008-created law to his 1984-imposed sentence violates the Ex Post Facto Clause.

## DISCUSSION

Marsy's Law increased the minimum deferral period between parole hearings from one to three years, and the maximum deferral period from five to fifteen years. *Gilman v. Schwarzenegger*, 638 F.3d 1101, 1104 (9th Cir. 2011). Advance hearings can be held by the Board *sua sponte*, or at the request of a prisoner, though the inmate is limited to one such request every three years. *Id.* at 1105.

Petitioner's challenge to Marsy's Law does not state a claim remediable on federal habeas review. The Ninth Circuit recently reversed the grant of a preliminary injunction against enforcement of Marsy's Law, holding that the plaintiffs were not likely to prevail on the merits of their claim that Marsy's Law violates the Ex Post Facto Clause. *Id. Gilman*'s holding that the plaintiffs there were not likely to prevail on the merits makes clear that the state courts' rejections of petitioner's Marsy's Law claim could not have been unreasonable. Petitioner thus cannot obtain habeas relief on this claim. *See* 28 U.S.C. § 2254(d) (district court may not grant § 2254 petition unless state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."). To the extent petitioner presents a claim that state law was violated, such claim is dismissed. Violations of state law are not remediable on federal habeas review, even if state law were erroneously applied or interpreted. *See Swarthout v. Cooke*, 131 S. Ct. 859, 861–62 (2011).

"Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring). That is the case here. Accordingly, the action is hereby

DISMISSED.

## CONCLUSION

For the reasons stated herein, respondent's motion to dismiss (Docket No. 6) is GRANTED, and the petition DISMISSED. A certificate of appealability will not issue. Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability from the Court of Appeals.

The Clerk shall terminate Docket No. 6, enter judgment in favor of respondent, and close the file.

**IT IS SO ORDERED**.

DATED: January 12, 2012

SUSAN ILLSTON
United States District Judge